**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-20491-CR-ALTONAGA/GOODMAN**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**RYAN SHEVIN SMITH,**

      **Defendant.**

_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on June 30, 2021, a hearing was held to determine whether defendant **RYAN SHEVIN SMITH** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, it is hereby ordered that defendant **RYAN SHEVIN SMITH** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by indictment in the Southern District of Florida with conspiracy to commit Hobbs Act robbery and Hobbs Act robbery in violation of Title 18, United States Code, Section 1951(a) and brandishing a firearm in furtherance of a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). Therefore, the defendant is charged with a crime of violence for which a maximum sentence of more than ten (10) years is prescribed, resulting in a rebuttable presumption that no condition or combination of conditions

will reasonably assure the safety of any other person and the community. Title 18, United States Code, Section 3142(e)(3)(B).

2. The weight of the evidence against the defendant is substantial. The government has proffered that on November 9, 2013, the defendant and two other individuals entered a pawn shop. The defendant was carrying a bag and a hammer. The two other individuals were carrying a rifle and a pistol which they used to threaten the store employees. The defendant used the hammer to smash display cases. The defendant and his accomplices stole money and jewelry from the pawnshop.

The robbery was recorded on the store's video surveillance system. Law enforcement officers recovered blood samples from the glass case which matched the defendant's DNA. After his arrest, the defendant provided a statement to law enforcement wherein he admitted to participating in the robbery.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on January 19, 1980 in Miami, Florida. The defendant has been arrested 18 times in 22 years, including two arrests for robbery. The defendant is presently serving a term of imprisonment for one of those robberies. Title 18, United States Code, Section 3142(g)(3)(A).

4. The Court specifically finds by clear and convincing evidence that there are no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community. The defendant participated in a robbery wherein he used a hammer to smash display cases and his accomplices pointed firearms at store employees. The defendant has participated in robberies in the past and is presently serving a prison term for one of those robberies. The Court finds that the defendant would continue in his unlawful pattern of conduct and would be a danger to the community if released on bond. Based upon

the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to other persons and the community.

The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED in Chambers at Miami, Florida, this **30th** day of June, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE